UNITED STATES of America

v.

Trevor Dunstand WILLIAMS, a/k/a Jamaican Mike, Illesha Emma Davies, Janet Arnice Wilson.

Crim. No. 91–0413(JHG).

United States District Court, District of Columbia.

Jan. 22, 1992.

---

Geoffrey G. Bestor, Asst. U.S. Atty., Washington, D.C., for U.S.

Paul Signet, Springfield, Va., for defendant Williams.

William Garber, Washington, D.C., for defendant Davies.

Thomas Dunn, Arlington, Va., for defendant Wilson.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

On October 31, 1991, defendant Trevor Dunstand Williams was found guilty of distribution of cocaine base on or about April 24, 1991 and distribution of the same cocaine base near a school; distribution of cocaine base on or about April 26, 1991 and distribution of that cocaine base near a school; and distribution of cocaine base on or about June 19, 1991 and distribution of the same cocaine base near a school. On October 31, 1991, defendant Illesha Emma Davies was also found guilty of distribution of cocaine base on or about April 24, 1991 and distribution of that cocaine base near a school; and distribution of cocaine base on or about April 26, 1991 and distribution of the same cocaine base near a school. Similarly, on October 31, 1991, defendant Janet Arnice Wilson was convicted of distribution of cocaine base on or about June 19, 1991 and distribution of the same cocaine base near a school.

On January 8, 1992, the Court, *sua sponte*, issued an Order, requesting the parties to advise the Court of the impact *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), and its progeny have on some of defendants' convictions and whether, under that line of cases, defendants' convictions for the same conduct under both 21 U.S.C. § 841 and 21 U.S.C. § 860[1] can stand. In response to the Court's Order, defendants moved to vacate some of the convictions. The government also conceded, "While it appears that no court has addressed this precise issue, ... [t]he United States agrees ... that some of the convictions must be vacated." Response of United States to Court's Order of January 8, 1992, Concerning Vacation of Conviction ("Government's Response"), at 1.

In *Ball v. United States*, 470 U.S. 856, 859–61, 105 S.Ct. 1668, 1670–71, 84 L.Ed.2d 740 (1985),[2] the Supreme Court considered whether a felon possessing a firearm may be convicted and concurrently sentenced under 18 U.S.C. § 922(h)(1), for receiving that firearm, and under 18 U.S.C.App. § 1202(a)(1), for possessing the same weapon. While the Court indicated that the government has broad discretion to conduct criminal prosecutions, including the power to select the charges to be brought in a particular case, "the accused may not suffer two convictions or sentences on that indictment," *id.* at 865, 105 S.Ct. at 1673, if Congress did not intend that the conduct should be punishable under both statutes simultaneously. The Court reasoned that the Double Jeopardy Clause of the Constitution safeguards an individual, *inter alia*, from multiple punishments for the same offense and that a separate conviction, even apart from any consideration of concurrent sentences, has potential, adverse, collateral consequences. Specifically, the Court found, "[T]he presence of two convictions on the record may delay the defendant's eligibility for parole or result in an

---

1. 21 U.S.C. § 860(a) provides:

    Any person who violates section 841(a)(1) or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, ... is ... subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) may be imposed in addition to any term of imprisonment authorized by this subsection....

2. *Ball* was authored by then-Chief Justice Burger, and Justice Stevens and Justice Marshall concurred in the judgment.

increased sentence under a recidivist statute for a future offense." *Id.* Accordingly, "If, upon the trial, the district judge is satisfied that there is sufficient proof to go to the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses." *Id.*

Here, too, while the Court takes no position on the government's decision to prosecute the defendants simultaneously under 21 U.S.C. § 841 and 21 U.S.C. § 860, if, after a full and fair trial, a defendant is convicted under both of these statutes for the same distribution, the Court must only enter judgment on one of the statutory offenses. *See Daniels v. Bronson*, 932 F.2d 102, 106–09 (2d Cir.1991) (imposition of two convictions and sentences for capital felony and the included murder violated Double Jeopardy Clause); *United States v. Rivera–Martinez*, 931 F.2d 148, 152–54 (1st Cir.) (Double Jeopardy Clause prohibited conviction and sentence for drug conspiracy that was lesser included offense of continuing criminal enterprise), *cert. denied*, — U.S. —, 112 S.Ct. 184, 116 L.Ed.2d 145 (1991). *Cf. United States v. Valencia–Roldan*, 893 F.2d 1080, 1082–83 (9th Cir.) (defendant was properly convicted for using minor in cocaine distribution effort, despite claim that statute in question was not a separate offense statute but rather one that involved sentence enhancement), *cert. denied*, 495 U.S. 935, 110 S.Ct. 2181, 109 L.Ed.2d 509 (1990).

It is clear that the drug trafficking offenses described in 21 U.S.C. § 841 are lesser included offenses of 21 U.S.C. § 860, for the only elements of the latter crime are (1) a violation of 21 U.S.C. § 841 and (2) within 1000 feet of a school. Moreover, from the plain language of the statute and uncontradicted by the legislative history, it does not appear that Congress intended separate punishments for violations of the two statutes. The "distribution near schools" provision specifically references 21 U.S.C. § 841, and sentences for violating 21 U.S.C. § 860 are calculated only by increasing the penalties for violations of 21 U.S.C. § 841 or § 856. Under these circumstances, the Court cannot allow to stand defendants' convictions for the same conduct under both 21 U.S.C. § 841 and 21 U.S.C. § 860. Accordingly, the Court will vacate the unconstitutional convictions at the time of sentencing.[3]

IT IS SO ORDERED.

---

3. Although the government suggests that the convictions should be vacated "at sentencing," Government's Response, at 2, *Ball* advises that a Court should enter judgment on only one of the statutory offenses should the jury return guilty verdicts for each count. 470 U.S. at 865, 105 S.Ct. at 1673–74. Thus, the Court need not await sentencing, which might unnecessarily result in the preparation of additional presentence reports. Because the Court raised the Double Jeopardy issue after the defendants had been found guilty and because the sentencing of these defendants is imminent, however, the Court will vacate the unconstitutional convictions on February 7, 1992, at the time of sentencing. In future cases, the Court will vacate the improper convictions soon after the jury's verdict.