UNITED STATES of America, Appellee,

v.

Michael A. WHREN, Appellant.

No. 95–3193.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 30, 1997.

Decided May 6, 1997.

Lisa B. Wright, Assistant Federal Public Defender, argued the cause for appellant, with whom A.J. Kramer, Federal Public Defender, Washington, DC, was on the briefs.

Elizabeth H. Danello, Assistant U.S. Attorney, argued the cause for appellee, with whom Eric H. Holder, Jr., U.S. Attorney, John R. Fisher, Elizabeth Trosman, and Nancy R. Page, Assistant U.S. Attorneys, Washington, DC, were on the brief.

Before GINSBURG, HENDERSON, and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

Concurring opinion filed by Circuit Judge HENDERSON.

GINSBURG, Circuit Judge:

In this appeal we are asked to decide whether a criminal defendant whose case we have remanded to the district court for re-sentencing may there raise for the first time a challenge to his sentence that is unrelated to the reason for the remand. We hold that he may not do so unless his newly-raised objection to the sentence is based upon an error so plain that the district court or the court of appeals should have raised it for him.

## I.  Background

Michael Whren was convicted on four counts: One, possession with the intent to distribute 50 grams or more of cocaine base (the distribution count); Two, possession with the intent to distribute 50 grams or more of cocaine base within 1,000 feet of a school (the schoolyard count); Three, possession of marijuana; and Four, possession of phencyclidine, a/k/a PCP. Pursuant to the United States Sentencing Guidelines, Whren was sentenced to serve 168 months in prison and to pay a special assessment of $150.

The base offense level for the distribution count, determined by the quantity of drugs involved, was 32 which, considering Whren's Category II criminal history, produced a sentencing range of 135–168 months. The base offense level for the schoolyard count was 34, being the same 32 for the quantity of drugs involved plus a two-level enhancement because the drugs "directly involved a protected location." U.S.S.G. ¶ 2D1.2(a)(1). An offense level of 34 for an offender with a criminal history in Category II produces a sentencing range of 168–210 months. Whren did not dispute the district court's determina-

tion that 34 was the correct base offense level for his violation of the schoolyard statute. The district court then sentenced Whren to the maximum of 168 months on the distribution count and to the minimum of 168 months on the schoolyard count, the sentences to be served concurrently.

Whren appealed to this court arguing, among other things, that the distribution count should be vacated because it is a lesser included offense of the schoolyard count. Whren acknowledged that, because he did not appeal the sentence for the schoolyard conviction, vacatur of the distribution count would have no effect upon his overall sentence other than to reduce his special assessment by $50.

This court affirmed Whren's convictions on Counts Two, Three, and Four, as did the Supreme Court; —— U.S. ——, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). We reversed Whren's conviction on Count One, however, holding that possession with the intent to distribute is a lesser-included offense of possession with the intent to distribute within 1,000 feet of a school. "Consequently ... we remand[ed the case] to the District Court for entry of an amended judgment and resentencing on Counts One and Two." *United States v. Whren*, 53 F.3d 371, 376 (1995). We did not say why vacatur of the distribution count necessitated a remand for resentencing upon the schoolyard count, but Whren concedes that the remand was consistent with this court's general rule that when "we cannot ascertain whether the District Court's sentence on a valid conviction was influenced by a conviction on a separate count that is later overturned on appeal, the proper course is to remand so that the District Court may reconsider the sentence imposed." *United States v. Lyons*, 706 F.2d 321, 335 n. 25 (1983).

At his resentencing hearing Whren sought to raise four issues that he had not raised either at the original sentencing or upon appeal. None of the four issues was in any way related to this court's vacatur of the distribution count. Whren argued first that the district court should grant a downward departure pursuant to § 5k2.0 of the Sentencing Guidelines, in view of the *Special*

*Report to the Congress: Cocaine and Federal Sentencing Policy* (February 1995), in which the Sentencing Commission asserts that there is no justification for the large disparity between the prescribed sentence for a crack cocaine offense and that for a similar offense involving powder cocaine. Whren also urged the court to grant a downward departure in light of his educational efforts in prison. Whren next argued that he should not receive the two-level sentence enhancement normally meted out for a conviction under the schoolyard statute, *see* U.S.S.G. § 2D1.2(a)(1), because his presence near a school was fortuitous. (He was driving by when he was stopped and arrested.) Finally, Whren argued that if the district court did not have discretion to give him a pass on the schoolyard enhancement, then it should grant him an offsetting downward departure because his offense did not run afoul of the purpose of the schoolyard statute.

The district court ruled that it lacks authority to consider Whren's request for a downward departure based upon the Special Report of the Sentencing Commission. Whren does not challenge that ruling. The district court received testimony about Whren's educational progress in prison but ultimately concluded that such post-sentencing conduct is not a proper ground for a departure either. Whren does challenge this ruling but his challenge is both oblique—not to say cryptic—and belated, coming as it does in a footnote to his reply brief; absent extraordinary circumstances (not present here) we do not entertain an argument raised for the first time in a reply brief, *Forman v. Korean Air Lines Co., Ltd.*, 84 F.3d 446, 448 (D.C.Cir.1996), or for that matter, in a footnote. *Washington Legal Clinic for the Homeless v. Barry*, 107 F.3d 32, 39 (D.C.Cir. 1997). Finally, the district court expressly declined to consider Whren's arguments against penalizing him for proximity to a school because it concluded that our mandate implicitly prohibited it from doing so. It is that decision only that we now review.

## II. Analysis

■ Whren argues that when the court of appeals remands a case for resentencing, the

district court is presumptively authorized to sentence the defendant *de novo*; only some limitation in the order of the appellate court—and he sees none in this case—could limit the district court's role after the remand. The Government, on the other hand, argues that the mandate in this case implicitly precluded the district court from considering anything other than our vacatur of the distribution count in resentencing the defendant on the schoolyard count.

Several circuits have held that when the court of appeals vacates a sentence the district court may, upon remand, take any evidence and hear any argument that it could have considered in the original sentencing proceeding. *See United States v. Atehortva,* 69 F.3d 679, 685 (2d Cir.1995); *United States v. Jennings,* 83 F.3d 145, 151 (6th Cir.1996); *United States v. Cornelius,* 968 F.2d 703, 705 (8th Cir.1992); *United States v. Ponce,* 51 F.3d 820, 826 (9th Cir.1995); *United States v. Moore,* 83 F.3d 1231, 1235 (10th Cir.1996). Two rationales have been given for this practice of *de novo* resentencing. In *Moore,* the Tenth Circuit reasoned that when a sentence has been vacated and the count remanded for resentencing the defendant is in the same position he was in before being sentenced for the first time. 83 F.3d at 1235. This is a rather formalistic approach. Although upon Whren's first appeal we remanded the case for resentencing without vacating his sentence, we do not want to rely now upon the technical distinction between vacatur and remand—to which we attached no apparent significance at the time—when substantial rights are involved.

In *Jennings* the Sixth Circuit offered a functional rationale for *de novo* resentencing upon remand: otherwise the parties would be forced to litigate every conceivable sentencing issue at the initial hearing, regardless of its relevance, lest they be precluded from later raising an issue that becomes relevant only because of subsequent events. The defendant in *Jennings* had not objected at his first sentencing hearing to certain findings in his pre-sentence report. The court of appeals then remanded for resentencing because the district court had overstated the quantity of drugs to be used in computing the defendant's base offense level. Upon resentencing it turned out that the findings in the PSR, immaterial when the larger quantity of drugs was being considered, would affect a sentence based upon the smaller quantity of drugs.

The Seventh Circuit has rejected the *de novo* approach, holding that "only an issue arising out of the correction of the sentence ordered by [the court of appeals] could be raised in a subsequent appeal." *United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996). The defendant in that case tried to raise in his second appeal issues that he had not previously raised (and that neither the district court nor the court of appeals had therefore ever ruled upon) and that were not affected by the remand for resentencing. By failing to raise the issues upon the first appeal, the court of appeals held, the defendant had waived them. *Id.*

This circuit has not previously adopted either approach to the scope of resentencing on remand. We did hold in *United States v. Leonzo,* 50 F.3d 1086, 1088 (1995), that upon remand the Government could not offer new evidence in support of the sentencing level for which it had unsuccessfully argued at the original sentencing hearing. Absent special circumstances justifying the Government's initial failure to carry its burdens of production and of persuasion, we saw "no reason why it should get a second bite at the apple." Although Whren argues that *Leonzo* should be limited to cases in which a party tries upon remand to offer new evidence, rather than to make a new legal argument, he suggests (and we can think of) no reason for this distinction.

We think the waiver approach of the Seventh Circuit is both preferable to the *de novo* approach followed in other circuits and more consistent with our own reasoning in *Leonzo. De novo* resentencing is in essence a license for the parties to introduce issues, arguments, and evidence that they should have introduced at the original sentencing hearing. The alternative of requiring the parties to raise all relevant issues at the original sentencing hearing serves both equity and efficiency: Each party gets early notice of the other's position, and the district court can

resolve all material issues early on—when the record is fresh in mind—and in a single proceeding, thereby minimizing the scope of any second proceeding, i.e., should the first result in a remand. We note also that, had Whren raised his sentencing argument for the first time not before the district court on remand but in his original appeal, this court would have reversed his sentence only if Whren could have shown that it was a plain error. *United States v. Myles,* 96 F.3d 491, 495 (D.C.Cir.1996). In this second appeal it would be both anomalous and inefficient to place Whren in a better position for having neglected to raise a relevant argument in either the district court or in his first trip to the court of appeals than he would be in if he had neglected to raise it only in the district court.

We hold, therefore, that upon a resentencing occasioned by a remand, unless the court of appeals expressly directs otherwise, the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision— whether by the reasoning or by the result. While we think the *Jennings* court was rightly concerned that a defendant might not have raised an issue at his original sentencing because it was not then material—only to find at resentencing that the issue had become material—the solution tailored to that problem is for the district court not to resentence the defendant *de novo* but to consider the newly relevant issue. A defendant should not be held to have waived an issue if he did not have a reason to raise it at his original sentencing; but neither should a defendant be able to raise an issue for the first time upon resentencing if he did have reason but failed nonetheless to raise it in the earlier proceeding. Under our approach a defendant may argue at resentencing that the court of appeals' decision has breathed life into a previously dormant issue, but he may not revive in the second round an issue he allowed to die in the first. That is just what Whren tried to do when he belatedly raised his sentencing arguments in an effort to lower his sentencing range from 168–210 months to 135–168 months. He had just as much reason, and no less ability, to make the same arguments at his original sentencing hearing.

Of course, under Federal Rule of Criminal Procedure 52(b) the resentencing court may consider even an issue raised belatedly if it is both obvious and prejudicial and therefore arguably rises to the level of "plain error." *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993); *see United States v. Saro,* 24 F.3d 283, 286 (D.C.Cir.1994) (error must be "so plain the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it"). Relief is available for plain error, however, only in those relatively rare "circumstances in which a miscarriage of justice would otherwise result." *United States v. Frady,* 456 U.S. 152, 163 n. 14, 102 S.Ct. 1584, 1592 n. 14, 71 L.Ed.2d 816 (1982).

In this case the district court did not plainly err in failing to notice on its own the argument that the schoolyard enhancement should not apply to Whren's offense because his presence near the school at the time of his arrest was fortuitous. We had already rejected that argument in *United States v. McDonald,* 991 F.2d 866, 868–70 (D.C.Cir.1993). Nor did the district court plainly err in not *sua sponte* departing downward on the ground that the purpose of the schoolyard enhancement would not be served in this case. If there is no clear legal rule— whether expressed in a prior decision or elsewhere—governing an issue, then the district court's decision cannot be a plain error. *United States v. Merlos,* 8 F.3d 48, 51 (D.C.Cir.1993) (jury instruction equating "strong belief" with belief "beyond a reasonable doubt" not plain error because at time of trial no appellate court had held instruction erroneous). Here the point was far from clearly established. The only appellate authorities that Whren could muster in support of his position were dicta in *McDonald,* 991 F.2d at 870 (passenger carrying drugs on train or subway speeding by school "might warrant a departure"), and in *United States v. Rodriguez,* 961 F.2d 1089, 1095 n. 8 (3d Cir.1992) (downward departure would be permissible in hypothetical involving "defendant who speeds by a school in a train or other vehicle on the way to a narcotics sale"). But it is not a plain error for a trial court not

to follow a mere dictum of the court of appeals. *See United States v. Warren*, 42 F.3d 647, 657–58 (D.C.Cir.1994). Accordingly, the trial court did not plainly err in failing *sua sponte* to notice this argument.

### III. Conclusion

For the reasons given above, the judgment of the district court is

*Affirmed.*

KAREN LeCRAFT HENDERSON, Circuit Judge, concurring:

I concur in the affirmance but see no need for any extended analysis or announcement of a new rule for resentencing on remand. The first appellate panel remanded for the ministerial resentencing on count two resulting from vacatur of the count one convic-

tion.* This was clear to the district court, it is clear to me and it should have been clear to defense counsel, whose failure to raise the meritorious merger argument at the first sentencing necessitated the remand. The scope of the mandate aside, defense counsel knew that the time for raising the fortuitous proximity issue was long past. She failed to argue the point at sentencing and on the first appeal. She could not reasonably request a third bite at that particular apple, however tantalizing, after declining it twice.

---

\* The first panel's resentencing discussion in its entirety takes one sentence of one paragraph, to wit:

> Appellants contend that their convictions for violation of 21 U.S.C. § 841(a)(1), which proscribes possession with intent to distribute controlled substances, including cocaine base, should be vacated because that section describes a lesser-included offense of 21 U.S.C. § 860(a), which proscribes possession with intent to distribute a controlled substance within one thousand feet of a school. Appellants rely on *United States v. Williams*, 782 F.Supp. 7, 8–9 (D.D.C.1992), *aff'd without opinion*, 6 F.3d 829 (D.C.Cir.1993), in which the District Court concluded that section 841 offenses were, in fact, lesser included offenses of section 860(a) offenses. The government agrees with appellants' argument. *Consequently, pursuant to the agreement of the parties, we will remand to the District Court for entry of an amended judgment and resentencing on Counts One and Two.*

*United States v. Whren*, 53 F.3d 371, 376 (1995) (emphasis added). The remanding panel could have, more directly and more succinctly than it did, simply instructed the district court to vacate the conviction and sentence on count one and reimpose the sentence on count two. The fact that its language is less precise does not affect its plain meaning in my view.