UNITED STATES of America,
Appellee,

v.

Wallace S. NAJIY, II, Appellant.

No. 99–3154.

United States Court of Appeals,
District of Columbia Circuit.

May 3, 2001.

Before GINSBURG, RANDOLPH, and TATEL, Circuit Judges.

### JUDGMENT

This case came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by the parties. The issues have been accorded full consideration by the Court and occasion no need for an opinion. *See* D.C. CIR. R. 36(b). It is

ORDERED AND ADJUDGED that the convictions on Counts 3 and 14 of the indictment are vacated.

ORDERED AND ADJUDGED that the conviction on Count 9 of the indictment and the district court's denial of the motion for acquittal as to that count is affirmed for the reasons set forth in the attached memorandum.

ORDERED that the case be remanded to the district court for resentencing in light of this judgment.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* FED. R.APP. P. 41(b).

### MEMORANDUM

Najiy appealed the district court's denial of the motion for judgment of acquittal on

Counts 3, 9, and 14 of the indictment. In its brief the government conceded that the evidence was insufficient to sustain the wire fraud conviction under Count 3 and the forgery conviction under Count 14. We have reviewed the record, and agree. Accordingly, we vacate the convictions as to those two counts.

As to Count 9, the question is whether there was sufficient evidence for a reasonable jury to find that the government proved all elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Najiy claims the government did not meet its burden of showing that the fraudulent scheme he engaged in involved the loss of property in an amount exceeding $250. D.C. Code § 22–3821(a)(1).

The indictment alleged that Najiy caused a loss to the District of Columbia by defrauding it of its "right to attempt to obtain the truck through forfeiture proceedings and maintain possession of it pending the conclusion of any such proceedings." The government's evidence put the value of the truck at $5,100. The government also introduced evidence that the other party to the fraud, White, took steps to camouflage the vehicle and prevent its reacquisition by the District. White testified that he repainted the truck and transferred title to the vehicle out of the District, re-titling it in his wife's name in Maryland. 7/20/99 p.m. Tr. at 110. The jury also heard testimony from a District employee, who explained that forfeiture proceedings are initiated only when the District has both the PD–81 form and the property itself. 7/26/99 p.m. Tr. at 71–73. Najiy fraudulently altered this form, and discharged the truck from District custody—thereby removing the property from the District's forfeiture process.

The value of the loss is calculated at the time the fraud was complete—at the time, in other words, that Najiy released the vehicle. *See Gilmore v. United States*, 273 F.2d 79, 82 (D.C.Cir.1959); *cf. United States v. Brach*, 942 F.2d 141, 143 (2d Cir.1991). The evidence showed that but for Najiy's fraud the District would have obtained the truck through forfeiture. By removing the truck from the lot and altering the PD–81 and Property Book, Najiy deprived the District of this valuable right. That the District later uncovered the fraud is of no moment. If someone steals a $10,000 car, the theft is of $10,000 even if the car is recovered immediately. The Guidelines make this plain. U.S.S.G. § 2B1.1, cmt. n. 2; *Brach*, 942 F.2d at 143; *United States v. Cockerham*, 919 F.2d 286, 289 (5th Cir.1990). We think the same principle applies here. In other words, we treat the loss as complete at the moment the crime is consummated. We reject Najiy's argument that the District's loss must be measured by the value it lost in not possessing the truck during the period it was in White's hands. That is like saying that the loss from the theft of the $10,000 car is measured only by calculating the period the car was out of the owner's possession. As we have said, the Guidelines follow a different approach.

Najiy's convictions on to Counts 3 and 14 of the indictment are vacated, and the case is remanded to the district court for resentencing. *See United States v. Whren*, 111 F.3d 956, 958 (D.C.Cir.1997); *United States v. Lyons*, 706 F.2d 321, 335 n. 23 (D.C.Cir.1983).