

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2002

# USA v. Giraldo

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Giraldo" (2002). *2002 Decisions.* Paper 762.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/762

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1317

_____

UNITED STATES OF AMERICA
Appellee,

v.

SANTIAGO GIRALDO
Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
(Cr. No. 99-228-02)
District Judge:  The Honorable John W. Bissell

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 1, 2002

Before: SLOVITER and FUENTES, <u>Circuit Judges</u> and FULLAM*, <u>District Judge</u>
(Opinion Filed: November 22, 2002)

* The Honorable John P. Fullam, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

_____

FUENTES, Circuit Judge:

Appellant Santiago Giraldo appeals the District Court's finding that the "Safety Valve"[1] proffer he made prior to a re-sentencing hearing on remand following appeal was not timely and the District Court's determination that 1,345.8 grams of heroin were attributable to him for sentencing purposes. Because we agree with the District Court that appellant's proffer was not timely and that 1,345.8 grams of heroin were properly attributed to appellant, we affirm.

## I. Facts and Procedural Background

The facts and circumstances of this case are set forth in our opinion in United States of America v. Santiago Giraldo, No. 00-1780 (3d Cir. 2001) [hereinafter Giraldo I] and, therefore, they are not detailed here, except to the extent that they directly bear upon the analysis. Giraldo and Antonio Luzardo were indicted for conspiring to distribute and to possess with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846. Following trial, the jury returned a verdict of guilty against each of the defendants. At Giraldo's sentencing hearing, the District Court found Giraldo responsible for 3,345.8 grams of heroin.[2] Based on a total adjusted offense level of 34 and a criminal history category of 1, which resulted in a guidelines range of 155 to 188 months, the District Court sentenced Giraldo to 170 months of imprisonment, five years of supervised release, and ordered him to

---

[1]See 18 U.S.C. § 3553(f)

[2]Prior to this sentencing hearing, Giraldo did not make a "Safety Valve" proffer.

pay a $5,000 fine.

Giraldo appealed to this Court, challenging his sentence, but not his conviction.[3]   On appeal Giraldo argued that the District Court erred in determining the drug quantities attributable to him and that the District Court's determination of the offense level based on these quantities violated Apprendi v. New Jersey, 530 U.S. 466 (2000).  In Giraldo I, we held that, based on evidence in the record, the District Court properly attributed 345.8 grams of heroin to Giraldo.  However, we held that the District Court's finding that Giraldo had the intent to receive and distribute 3,000 grams of heroin was clearly erroneous.  Our holding was based on our reading of a transcript of a phone conversation between Giraldo and Luzardo, which the Government introduced into evidence.  We held that the transcript could not be read in a way that supported the District Court's finding that Giraldo himself intended to receive and distribute 3,000 grams of heroin, but rather that it indicated that "the man" whom Giraldo was with was going to receive the full 3,000 grams and Giraldo would get some of that amount. Giraldo I at 14.  We held that: "It is not a permissible inference that Giraldo would be receiving the full 3,000.  A reasonable interpretation of the wiretap language is that Giraldo intended to try and get 1,000 pesos (grams) to satisfy Luzardo's drug needs."   Id.   We did not reach Giraldo's Apprendi argument because we vacated the District Court's judgment of sentence

---

[3]Luzardo also appealed, challenging both his conviction and his sentence.  We consolidated the appeals brought by Giraldo and Luzardo.  As explained in greater detail infra, we vacated the judgment of sentence for Giraldo.  In the same opinion, we affirmed the conviction and sentence of Luzardo.  Because the issues raised by Luzardo during the earlier appeal do not affect the resolution of the issues raised by Giraldo presently on appeal, our discussion of our prior opinion is limited to our resolution of the issues raised by Giraldo therein.

and remanded the case for re-sentencing based on this error. Prior to the re-sentencing hearing, Giraldo submitted a certification to the District Court and prosecutor outlining his involvement in the charged offense. The District Court held that the "Safety Valve" provision did not apply because Giraldo's application for a determination that he was eligible for a "Safety Valve" reduction was not timely. The District Court found Giraldo to be responsible for 1,345.8 grams of heroin and sentenced him to imprisonment for a period of 126 months. Giraldo timely appealed his sentence.

## II. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over this matter under 18 U.S.C. §3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

Our review over the District Court's refusal to invoke § 5C1.2 (the "Safety Valve" provision) of Chapter Five of the United States Sentencing Guidelines, codified at 18 U.S.C. § 3553(f), is plenary. See United States v. Wilson, 106 F.3d 1140 (3d Cir. 1997). We review the District Court's drug quantity determination for clear error. See United States v. Gibbs, 190 F.3d 188, 204 (3d Cir. 1999).

## III. Discussion

Giraldo argues that the interest of the sentencing court and the prosecution which is to be served by a Safety Valve proffer is not the interest of receiving useful information for the investigation and prosecution of others, but is instead the interest in receiving accurate information for purposes of sentencing the particular defendant more justly. Giraldo asserts that this interest is fully met by a truthful proffer irrespective of whether it is made at an initial

sentencing hearing or a re-sentencing hearing following a remand.

The Government asserts that the appropriate time for making the proffer was prior to the original sentencing hearing as Giraldo then had an incentive to provide relevant information about his conduct. The incentive identified by the Government is that coming forward with the information prior to the original sentencing hearing would have given the District Court a basis for giving Giraldo a two-point reduction and a basis for determining that the Probation Office's and the Government's recommended drug quantities finding was too high. The Government asserts that Giraldo waived his Safety Valve claim by failing to make his proffer prior to his original sentencing.

The Safety Valve provision at issue in this appeal directs that statutory minimums not apply to the sentencing of first-time nonviolent drug offenders who played a small role in the offense and made a good faith effort to cooperate with the Government. See United States v. Arrington, 73 F.3d 144, 147 (7th Cir. 1996). The District Court may depart from the mandatory minimum sentencing guideline range when it calculates a defendant's sentence if five criteria are met. See United States v. Wilson, 106 F.3d at 1141. At the re-sentencing hearing, the Government conceded that Giraldo satisfied the Safety Valve's first four criteria,[4]

_____

[4]18 U.S.C. § 3553(f)(1)-(4) provide, in pertinent part:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) . . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity

but argued that Giraldo failed to satisfy the fifth criterion. The Fifth criterion sets a time frame for providing information to the Government. It provides that "*not later than the time of the sentencing hearing,*" the defendant should provide the Government all information and evidence he has concerning the offense. 18 U.S.C. § 3553(f)(5) (emphasis added).

At issue on appeal is whether we should construe the phrase, "not later than the time of the sentencing hearing," to mean that a proffer made prior to a re-sentencing hearing following remand is timely. We agree with the appellant that it is unlikely that courts will frequently be presented with defendants who wait for a re-sentencing hearing to make a Safety Valve proffer based on the slim hope that their sentence will be overturned on appeal and remanded for re-sentencing. Therefore, allowing a proffer is unlikely to create the feared perverse incentive to withhold information over which the Government expresses concern. However, we are

---

to make a recommendation, that–

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person; [and]

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act[.]

18 U.S.C. § 3553(f).

nonetheless persuaded by the Government's assertion that, by failing to make his proffer before the first sentencing hearing, Giraldo waived his ability to invoke the Safety Valve provision in his subsequent re-sentencing. The Government correctly asserts that the federal courts of appeals are divided on the question of whether, following a remand after appeal, a defendant waives issues he could have but did not raise in a prior proceeding. We need not determine the abstract issue of the appropriate scope of remand, however, because we believe that there is a way to reconcile the views expressed by our sister circuits, which appropriately resolves the issue of waiver in this appeal.

In United States v. Whren, 111 F.3d 956 (D.C. Cir. 1997), the Court of Appeals for the District of Columbia held that, upon a re-sentencing following remand, the District Court could only consider new arguments or facts that were made relevant by the decision of the Court of Appeals, unless expressly directed to do otherwise in the remand order. See id. at 960. The Whren court reconciled its opinion with that of the Sixth Circuit in United States v. Jennings, 83 F.3d 145 (6th Cir. 1996), in which the Sixth Circuit had held just the opposite–that where the remand order does not limit the district court's review, sentencing is to be de novo. Jennings, 83 F.3d at 151. The D.C. Circuit explained in Whren:

> While we think the Jennings court was rightly concerned that a defendant might not have raised an issue at his original sentencing because it was not then material–only to find at resentencing that the issue had become material–the solution tailored to that problem is for the district court not to resentence the defendant de novo but to consider the newly relevant issue. A defendant should not be held to have waived an issue if he did not have a reason to raise it at his original sentencing; but neither should a defendant be able to raise an issue for the first time upon

> resentencing if he did have reason but failed nonetheless to raise it in the earlier proceeding. Under our approach a defendant may argue at resentencing that the court of appeals' decision has breathed life into a previously dormant issue, but he may not revive in the second round an issue he allowed to die in the first.

Whren, 111 F.3d at 960. See also United States v. Ticchiarelli, 171 F.3d 24, 32 n. 4 (1st Cir. 1999) (explaining that while the "de novo" test of Jennings is different semantically from the "waiver test" of Whren, these approaches are not always analytically distinct).

In this case, Giraldo put at issue whether he was eligible for a Safety Valve reduction for the first time upon re-sentencing even though he had the incentive to make his Safety Valve proffer when he was first sentenced. Our decision, vacating the original sentence, pertained to the quantities of drugs attributable to Giraldo and did not breathe life into the issue of his eligibility for a reduced sentence based on a proffer. We agree with the District Court that, under the circumstances presented, Giraldo's proffer came too late and, as a result, he waived his ability to avail himself of the Safety Valve provision.

Our view of the amount of heroin properly attributable to Giraldo remains the same as it was when this issue was previously before us. We therefore hold that the District Court's attribution of 1,345.8 grams of heroin to Giraldo was not clearly erroneous.

IV. Conclusion

After carefully considering the arguments discussed above and all other arguments advanced by the appellant in support of his assertion that the District Court erred with respect to his sentencing, we affirm the District Court's decision.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By the Court,

/s/Julio M. Fuentes

Circuit Judge
