**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0256n.06**
**Filed: April 4, 2005**

**No. 04-3795**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CARL R. CARTER, | ) |
| | ) |
| Defendant-Appellant. | ) |

Before:     BOGGS, Chief Judge; ROGERS, Circuit Judge; and SHADUR, District Judge.[1]

Appellant Carl Carter seeks, and the United States concedes the correctness of, a remand for resentencing due to judicial error. We agree that the sentencing judge erred in adding a four-level enhancement to Carter's sentence, and we accordingly remand for resentencing.

On August 9, 2003, acting on a tip from a group of motorcyclists that a driver was waving a gun at them, a Linndale Village, Ohio, police officer pulled over Carl Carter. After searching Carter and his passenger and finding no weapons, the officer searched the vehicle. Within he found two guns, ammunition, small quantities of assorted drugs, including 28 tablets of Oxycodone, and drug paraphernalia.

---

[1] The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

-1-

No. 04-3795

Carter

Carter was indicted only on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and he pled guilty without a plea agreement. The presentence report found a base offense level of 20 under USSG § 2K2.1(a)(4) (2003) and a criminal history category of II. These findings result in a Guidelines range of 37-46 months. The presentence report also recommended a four-level enhancement under USSG § 2K2.1(b)(5) for possessing the firearm in connection with another felony offense.

At sentencing, the Government informed the judge that simple possession of any amount of the drug Oxycontin (Oxycodone) was a federal felony. Relying on this assertion, the judge allowed the four-level enhancement. The judge also gave Carter a three-level reduction for acceptance of responsibility, making the total offense level 21. This resulted in a sentencing range of 41-51 months, and the judge imposed a sentence of 46 months.

Five days later, the Government filed a Motion to Correct the Record, informing the court that its assertion that possession alone of Oxycontin was a federal felony was incorrect. In fact, under 18 U.S.C. § 844, simple possession is only a misdemeanor. Possession of the drugs only becomes a felony, under 18 U.S.C. § 841, if they are possessed with intent to distribute. The judge granted the Motion to Correct the Record, ordered that the reference to possession as constituting a felony be stricken from the record, but noted that "[s]ince the statement and reference had no effect on defendant's sentence, the sentence imposed will remain."

No. 04-3795

Carter

As both parties agree, the judge's holding that the sentence was unaffected by the change in the record is erroneous. United States Sentencing Guideline § 2K2.1(b)(5) permits a defendant's base offense level to be increased by four levels only if:

> the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense . . . .

To apply USSG § 2K2.1(b)(5) to Carter, the court must follow Fed. R. Crim. P. 32(i)(3)(B),[2] which mandates that the court: "must–for any disputed portion of the presentence report or other controverted matter–rule on the dispute or determine that a ruling is unnecessary, either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Carter did dispute the application of § 2K2.1(b)(5), and "[t]his court requires literal compliance" with Rule 32(i)(3). *United States v. Hurst*, 228 F.3d 751, 760 (6th Cir. 2000).

When sentencing Carter, the district judge relied entirely on the Government's assertion that simple possession of Oxycontin was a federal felony sufficiently connected to the predicate firearms charge to warrant the USSG § 2K2.1(b)(5) four-level increase. Once the judge struck that assertion from the record, he had nothing more on which to base the increase, and he was, therefore, no longer in literal compliance with Fed. R. Crim. P. 32(i)(3)(B). Under such circumstances, a remand is warranted.

---

[2] Formerly Fed. R. Crim. P. 32(C)(1).

No. 04-3795

Carter

Carter asks us to limit the remand in such a way that the Government can produce no additional evidence or arguments tying the firearm offense to a possible federal drug felony. The general policy of this Circuit is to remand for resentencing *de novo*. *United States v. Jennings*, 83 F.3d 145, 151 (6th Cir. 1996). Citing decisions of other circuits, Carter argues that the Government effectively waived its right to introduce other evidence. *See United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998); *United States v. Whren*, 111 F.3d 956, 959 (D.C. Cir. 1997); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). In this case, we see no need to grant a limited remand. The Government arguably did not produce additional evidence or raise other arguments because it believed, albeit mistakenly, that the evidence it had was sufficient to meet the requirements of USSG § 2K2.1(b)(5).

Finally, Carter raises a *Booker* issue with regard to the judicial factfinding involved in the sentencing enhancement. *United States v. Booker*, 125 S. Ct. 738 (2005). We need not address that matter, as it will in any case be dealt with on remand.

Therefore, we **VACATE** Carter's sentence and **REMAND** this case to the district court for resentencing.