**UNITED STATES of America, Appellee**

v.

**Angela S. BAKER, Appellant.**

**No. 10–3076.**

United States Court of Appeals, District of Columbia Circuit.

May 27, 2011.

Neil H. Jaffee, A.J. Kramer, Federal Public Defender, Office of the Federal Public Defender, Washington, DC, for Appellant.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and GINSBURG and GARLAND, Circuit Judges.

### *JUDGMENT*

This appeal from a sentence of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the sentence imposed by the district court be affirmed.

Angela Baker served as a home health aid for Stuart and Rosalind Rockwell. Mr. Rockwell was in his 90s. Mrs. Rockwell was in her 80s and suffered from noticeable dementia and memory loss. Neither was able to fully carry out daily tasks or write checks to pay bills, and Baker was hired to assist in those responsibilities. Over the course of several months, Baker forged Mrs. Rockwell's signature on seventeen checks, including sixteen that listed Baker's cousin as the payee. Baker obtained the cousin's Maryland driver's license without her knowledge and used it to deposit or cash the checks. The license was imprinted with, inter alia, a hologram.

Baker pled guilty to bank fraud, in violation of 18 U.S.C. § 1344. She raises two challenges to her sentence. First, she contends that the district court erred by increasing her Guidelines base offense level by two levels, pursuant to U.S.S.G. § 3A1.1(b)(1), because the victim of the offense was a "vulnerable victim." Second, she contends that the court erred in imposing an additional two-level increase, pursuant to U.S.S.G. § 2B1.1(b)(11)(ii), because the offense involved the use of an "authentication feature."

■ Baker argues that a victim is not a "vulnerable victim" for purposes of § 3A1.1(b)(1) unless he or she is unusually vulnerable as compared to the typical victim of the crime of conviction, and that the district court failed to make such a comparison. Baker did not assert this legal theory before the sentencing court (where she was represented by other counsel), *see* Sentencing Tr. 14–15, and we therefore review the court's "vulnerable victim" adjustment for plain error only. *See U.S. v. Pryce,* 938 F.2d 1343 (C.A.D.C.1991). We find no plain error for two reasons. First, the circuits are divided as to whether vulnerability must be measured relative to other potential victims of the particular crime, *compare, e.g., United States v. Scott,* 529 F.3d 1290, 1300 (10th Cir.2008), *with United States v. Zats,* 298 F.3d 182, 188 (3d Cir.2002), and there is no governing precedent in this circuit. *See United States v. Whren,* 111 F.3d 956, 960 (D.C.Cir.1997) ("'If there is no clear legal rule—whether expressed in a prior decision or elsewhere—governing an issue,

**4**

then the district court's decision cannot be plain error.' "). Second, even if the kind of comparison upon which the defendant insists were required, the district court did not commit plain error because it is uncontested that one of Baker's victims suffered from dementia. It is hardly unreasonable to assume that a person with dementia is more vulnerable than the typical victim of bank fraud.

■ Baker also argues that the "authentication feature" adjustment was improper because there was no record evidence as to whether the hologram on the driver's license she used to cash the forged checks "is used by" the State of Maryland to authenticate the license, and because Baker did not herself "use" the hologram. Again, neither argument was raised by sentencing counsel, *see* Sentencing Tr. 7–14, and these arguments are therefore subject to plain error review. In light of statutory language defining "the term 'authentication feature' [as] any hologram ... or other feature that ... is used by the issuing authority on an identification document ... to determine if the document is counterfeit," 18 U.S.C. § 1028(d)(1); *see* U.S.S.G. § 2B1.1, app. n. 9(A) (2009) (incorporating § 1028(d)(1)'s definition), and the common sense inference that the state's purpose in imprinting a hologram on a driver's license is to provide a means to determine whether the license is genuine, the district court did not commit plain error in applying the adjustment. Similarly, the district court did not plainly err in concluding that Baker's offense involved the "use" of such a feature when the hologram was imprinted on the license that she affirmatively used to induce the bank to cash the forged checks.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.