**Andrew J. STANKEVICH, Appellant**

v.

**Sabina KAPLAN, in her personal capacity, et al., Appellees**

**No. 16-7112**

**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: October 24, 2017

Rehearing En Banc Denied January 22, 2018

Andrew J. Stankevich, Pro Se

David S. Frankel, Steven Wu, Esquire, Office of the Attorney General, State of New York, Division of Appeals & Opinions, New York, NY, for Defendant-Appellee Sabina Kaplan

Harold Barber Boone, Attorney, Butler Snow LLP, Ridgeland, MS, Brad Fagg, Morgan, Lewis & Bockius LLP, Washington, DC, for Defendant-Appellee Mississippi College

Joseph Ragland, Pro Se

BEFORE: Tatel, Griffith, and Pillard, Circuit Judges

**JUDGMENT**

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and appellant's motion to correct the record, it is

**ORDERED** that the motion to correct the record be denied. Appellant has not shown that a correction of the record is warranted. See Fed. R. App. P. 10(e). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed January 15, 2016 and August 12, 2016 be affirmed. Appellant raises no argument related to the district court's August 12, 2016 order, so any such argument is deemed waived. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

Appellant has shown no error in the district court's holding that he failed to plead facts sufficient to establish the existence of an "enterprise" for purposes of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. See Western Assocs. Ltd. Partnership v. Market Square Assocs., 235 F.3d 629, 633 (D.C. Cir. 2001); United States v. Richardson, 167 F.3d 621, 625 (D.C. Cir. 1999). Therefore, dismissal of his claim against appellee Ragland was proper.

Appellant also has not shown the district court erred in holding that his breach of contract claim against appellee Mississippi College ("MC") lacked merit. Appellant now seeks to support his breach of contract claim by alleging that the American Bar Association ("ABA") denied him due process in disposing of his complaints against MC, and that the ABA and MC conspired against him in violation of antitrust law. In addition, he makes an unsupported allegation that appellees improperly engaged in ex parte litigation. These arguments were not raised in district court and "cannot be considered for the first time on appeal." United States v. Stover, 329 F.3d 859, 872 (D.C. Cir. 2003). The court also declines to consider the arguments appellant raises for the first time in his reply brief. See United States v. Whren, 111 F.3d 956, 958 (D.C. Cir. 1997).

Finally, appellant conceded the district court lacked personal jurisdiction over appellees MC and Sabina Kaplan. Accordingly, the district court properly dismissed all claims against them. In light of the substantive problems with his claims against them, he has not demonstrated that the district court abused its discretion in denying his request to transfer. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983) (finding no abuse of discretion where the district court denied transfer "[i]n light of the substantive problems with [the] asserted claims").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.