# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-3062**  **September Term, 2022**

**1:23-cr-00073-CKK-4**
**1:23-cr-00073-CKK-6**

**Filed On:** July 12, 2023

United States of America,

        Appellee

    v.

Max Alexander Carias Torres, also known as
Max Alexander Carias,

        Appellant

------------------------------

Consolidated with 23-3071

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:**    Katsas, Childs, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's April 28, 2023 order revoking a magistrate judge's release orders and ordering appellants detained pending trial be affirmed. Appellants have not demonstrated that the district court clearly erred by finding that no condition or combination of conditions would reasonably assure their appearance as required and the safety of any other person and the community. See United States v. Hale-Cusanelli, 3 F.4th 449, 454–55 (D.C. Cir. 2021).

In their memoranda of law and fact, appellants do not challenge the district court's conclusion that the rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3) applies in these cases, nor do they dispute the district court's predicate factual findings or ultimate conclusions under 18 U.S.C. § 3142(g) with respect to flight

risk and dangerousness.  Consequently, they have forfeited any such challenges.  <u>See</u> <u>United States v. Wright</u>, 923 F.3d 183, 191 (D.C. Cir. 2019).  And although appellant Torres challenges in his reply the district court's characterization of his criminal history, arguments first raised in reply are forfeited absent extraordinary circumstances, which are not present here.  <u>See</u> <u>United States v. Whren</u>, 111 F.3d 956, 958 (D.C. Cir. 1997).

Instead, appellants challenge the expedited procedures employed by the district court on review of the magistrate judge's release orders.  However, appellants have not identified—in either this court or in district court—any additional evidence they would have presented or arguments they would have raised had they been given a chance to do so.  Consequently, any error here was harmless.  <u>See</u> Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk