# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-7006**                    **September Term, 2025**

**1:24-cv-00006-BAH**

**Filed On:** January 27, 2026

Basavaraj Hooli,

       Appellant

      v.

Larry Mitcham, Administrator, Zebulon City,

       Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Rao, Walker, and Childs, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and supplements filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion for appointment of counsel and the supplement thereto; the motion to compel, the supplement thereto, the response to the motion, and the reply; the motion for default judgment filed February 28, 2025 and the supplement thereto; the motion for other relief filed February 13, 2025, the response thereto, and the reply; the motions filed February 18, April 30, May 5, May 9, May 12, and August 12, 2025, and January 20, 2026; the motion for other relief filed June 10, 2025, the response thereto, the reply, and the supplements to the reply; the motion for default judgment filed October 29, 2025; and the notices and supplement thereto filed by appellant, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion to compel be dismissed as moot. As permitted by the district court's local rules, a minute order filed electronically is official and binding even though entered on the docket without a document attached. See Local Civil Rule 5.4(c)(3). Both appellant and this court already have access to the full text of the district court's minute orders in this case. It is

No. 25-7006                 September Term, 2025

**FURTHER ORDERED AND ADJUDGED** that the district court's November 20, 2024 memorandum opinion and order dismissing appellant's complaint and closing the case be affirmed.  Appellant does not address the district court's determination that it lacked personal jurisdiction over defendant Mitcham and has therefore forfeited any challenge to this basis for dismissal.  See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").  Appellant has also forfeited any challenge to the district court's determination that venue was improper in the District of Columbia by addressing the issue for the first time in his reply brief.  See United States v. Whren, 111 F.3d 956, 958 (D.C. Cir. 1997) (noting that "absent extraordinary circumstances," this court "do[es] not entertain an argument raised for the first time in a reply brief").  In any event, appellant's contention that venue was proper because counsel for Mitcham has an office in the District of Columbia is erroneous because the location of a party's attorney is not a valid basis for venue.  See 28 U.S.C. § 1391(b).

To the extent appellant challenges the district court's September 19, 2024 minute order dismissing defendant Combs from the action based on appellant's failure to properly serve the complaint on Combs, he does not show any error in the district court's conclusion that he failed to comply with the requirements for serving individuals, as provided in Federal Rule of Civil Procedure 4(e).  And, to the extent appellant contends that the district court should have granted him default judgment, he is incorrect because he failed to show "by affidavit or otherwise" that any defendant "failed to plead or otherwise defend" so as to be in default.  Fed. R. Civ. P. 55(a).  In addition, appellant's allegations of judicial bias lack merit.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").  It is

**FURTHER ORDERED** that the remaining motions be denied.  Appellant fails to show that he is entitled to judgment in his favor or any other relief related to his underlying claims, and he fails to show that opposing counsel has engaged in any conduct warranting sanctions or other action by this court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

> **FOR THE COURT:**
> Clifton B. Cislak, Clerk
>
> BY:   /s/
>       Daniel J. Reidy
>       Deputy Clerk