MORITZ, Circuit Judge.
Jesus Figueroa-Labrada (“Figueroa”) appeals from the district court’s denial of his request for a reduced sentence under the “safety-valve” provision of 18 U.S.C. § 3553(f). The district court held § 3553(f) did not apply because Figueroa failed to make the disclosures necessary to support a reduced sentence before his initial sentencing hearing.
Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we reject the district court’s interpretation of § 3553(f). We conclude that when a defendant provides information to the government for the first time on remand, but before the resentencing hearing, the plain text of § 3553(f) requires the district court to consider that information in determining whether the’ defendant has satisfied § 3553(f). Because the district court here failed to do so, we reverse and remand for the district court to determine Figueroa’s eligibility for a safety-valve sentence.
Background
After a jury convicted Figueroa of conspiring to possess methamphetamine with intent to distribute, the district court attributed to Figueroa 746.19 grams of a mixture or substance containing a detectable amount of methamphetamine — the total amount of methamphetamine involved in the conspiracy — and sentenced him to 120 months’ imprisonment. On direct appeal, a panel of this court reversed his sentence and remanded for resentencing based on the district court’s failure to make particularized findings to support attributing the total quantity to Figueroa. In doing so, the panel noted that it was “reasonably probable” that only 56.7 grams of the methamphetamine mixture could be attributed to Figueroa based on his participation in the conspiracy. See United States v. Figueroa-Labrada, 720 F.3d 1258, 1261-63, 1268 (10th Cir.2013) (“Figueroa I ”).
On remand, the government presented no additional evidence regarding drug quantity, and the district court therefore attributed to Figueroa 56.7 grams of methamphetamine mixture. That amount carried a five-year mandatory minimum sentence under 21 U.S.C. § 841 (b)(1)(B)(viii), and the district court determined Figueroa’s sentencing range was 63 to 78 months. But before his resentencing hearing, Figueroa sought a lower sentencing range, arguing he qualified for a reduced sentence under the “safety-valve” provision of § 3553(f). That provision allows a defendant to receive a sentence lower than an applicable mandatory minimum sentence if, inter alia — “not later than the time of *1297 the sentencing hearing” — he truthfully provides the government all the information he possesses regarding his offenses. Had the district court granted Figueroa’s request, Figueroa would have avoided the five-year mandatory' minimum and qualified for a two-level reduction in his base offense level, thereby lowering his advisory Guidelines range to 51 to 63 months. See U.S.S.G. § 2Dl.l(b)(16).
Although Figueroa did not attempt to cooperate with the government prior to his initial sentencing hearing, he provided enough truthful information before his resentencing hearing to gain the government’s support of his safety-valve request. Specifically, before Figueroa’s re-sentencing hearing, the prosecutor filed an “advisement to the court” indicating that Figueroa had met all five § 3553(f) requirements and specifically affirming that Figueroa had provided the government all information and evidence he possessed concerning the offenses. Further, at Figueroa’s resentencing hearing, the prosecutor characterized Figueroa’s disclosures as “truthful,” reiterated Figueroa had met all five safety-valve requirements, and agreed Figueroa’s safety-valve request was timely, stating “the case law seems to suggest safety valve can be considered for re-sentencing.” Resent. Hr’g Tr., Doc. 412, at 8, 13.
Despite the government’s support of Figueroa’s safety-valve request, the district court denied the request because Figueroa failed to provide the required disclosures prior to his initial sentencing hearing. The court then imposed a 63-month sentence.
Figueroa timely appeals the denial of his safety-valve request.
Discussion
The sole issue in this appeal is whether § 3553(f)’s safety-valve is available to Figueroa, who did not cooperate or seek safety-valve relief prior to his initial sentencing hearing, but instead sought to satisfy the safety-valve requirements for the first time on remand before his resentencing. As a matter of first impression, based on the plain text of § 3553(f), we conclude that when a defendant provides information to the government for the first time on remand, before the resentencing hearing, a district court must consider that information in determining the defendant’s eligibility for a safety-valve sentence.
I. The plain language of 18 U.S.C. § 3553(f) requires a district court to consider information a defendant provides to the government for the first time before the resentencing hearing.
A defendant must satisfy five requirements to be eligible for a reduced sentence under § 3553(f)’s safety-valve provision. Only the fifth requirement, 18 U.S.C. § 3553(f)(5), is at issue here. That subsection mandates imposition of a Guidelines sentence “without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that — ”
not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
18 U.S.C. § 3553(f)(5) (emphasis added).
Stated another way, this section requires the district court to grant safety- *1298 valve relief if it finds (1) at sentencing, (2) after the government has been afforded the opportunity to make a recommendation, (3) that not later than the time of the sentencing hearing the defendant truthfully provided the government all information and evidence the defendant had concerning the offense.
In finding § 3553(f) did not apply to Figueroa’s safety-valve disclosures, the district court emphasized the statute’s requirement that the defendant provide information “not later than the time of the sentencing hearing” — a phrase the district court interpreted to exclude disclosures made before a re sentencing hearing. Figueroa contends (as did the government below) that the use of the phrase “sentencing hearing” includes resentencing hearings.
We review de novo a district court’s “legal interpretation guiding its application of the safety-valve provision.” United States v. Cervantes, 519 F.3d 1254, 1256 (10th Cir.2008). The starting point for our review is the safety-valve provision itself. If that provision is clear and unambiguous, our inquiry ends and we give effect to the statute’s plain language. United States v. Sprenger, 625 F.3d 1305, 1307 (10th Cir.2010). In ascertaining the statute’s plain meaning, the “[p]roper interpretation of a word ‘depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedent or authorities that inform the analysis.’ ” United States v. Ko, 739 F.3d 558, 560 (10th Cir.2014) (quoting Dolan v. U.S. Postal Serv., 546 U.S. 481, 486, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006)).
The disputed phrase here requires a defendant to make necessary disclosures “not later than the time of the sentencing hearing.” - This phrase clearly and unambiguously refers to “the sentencing hearing” at issue, whether it’s an initial, second, or subsequent sentencing hearing. The government agrees that throughout § 3553, “sentencing” refers to whichever sentencing is at issue, including any resentencing. And it provides no good reason for interpreting that word any differently in § 3553(f)(5).
Nothing in the text of § 3553(f)(5) suggests that — unlike any other reference to “sentencing” in the same statute — the phrase, “not later than the time of the sentencing hearing,” should be read to include an extra word — “not later than the time of the initial sentencing hearing.” As Figueroa argues, “the ordinary understanding” of the phrase “sentencing hearing” includes resentencing hearings as well as initial sentencing hearings. Moreover, the government’s argument ignores the statutory context of that phrase. See United States v. Villa, 589 F.3d 1334, 1343 (10th Cir.2009) (explaining that statutory text, plain or not, derives meaning from context).
The introductory phrase to § 3553(f) requires the district court to impose a Guidelines sentence “without regard to any statutory minimum sentence, if the court finds at sentencing ” that the defendant has satisfied all five safety-valve conditions. Thus, by focusing solely on the phrase “not later than the time of the sentencing hearing” in § 3553(f)(5), the government and our dissenting colleague conveniently ignore the appearance — within the same sentence — of the phrase “at sentencing.” And in context, the phrase, “the sentencing hearing,” clearly refers back to the generic “at sentencing” in the opening sentence of § 3553(f). The dissent offers no good reason to interpret the same word differently within that same sentence.[1]
*1299 Section 3553, when considered as a whole, farther compels us to reject this interpretation. For example, § 3553(c) provides that a sentencing court, “at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence.” 18 U.S.C. § 3553(c) (emphasis added). Section 3553(c) indisputably applies to any sentencing hearing. See United States v. Rose, 185 F.3d 1108, 1113 n. 3 (10th Cir.1999) (when district court fails to comply with § 3553(c), remedy is to remand for resentencing that complies with § 3553(c)). Indeed, if this court were to interpret the phrase “at the time of sentencing” in § 3553(c) to exclude re-sentencing hearings, the result would be unsupportable — a district court at resentencing could impose a sentence without stating reasons for the sentence imposed.
Given the linguistic similarities between §§ 3553(f), 3553(f)(5), and 3553(c), we de.cline to assign the word “sentencing” a different meaning in these provisions. See United States v. West, 671 F.3d 1195, 1200 (10th Cir.2012) (explaining “absent good reason to the contrary, ‘when the same words are used in different sections of the law, they will be given the same meaning.’ ” (quoting In re Harline, 950 F.2d 669, 674 (10th Cir.1991))).
The government not only fails to provide a good reason to construe the term “sentencing” differently in § 3553(f)(5), it conceded at oral argument that § 3553 generally applies at resentencing hearings. But, instead of accepting the plain meaning of § 3553(f)(5), the government suggests in its response brief that we look to 18 U.S.C. § 3742(f)(1) for guidance as to the meaning of “the sentencing hearing.” That statute provides authority for appellate courts to remand for resentencing and, as the government points out, specifically refers to proceedings on remand as “further sentencing proceedings.” The government thus reasons that a resentencing following remand is really just a continuation of the initial sentencing, and not a separate “sentencing hearing.”
But to arrive at this conclusion, the government overlooks relevant statutory text and context. Under § 3742(f)(1), we remand for “further sentencing proceedings” if we conclude the district court erred in imposing a sentence. The plain language of § 3742(g) controls the district court’s actions on remand: “A district court to which a case is remanded pursuant to subsection (f)(1) ... shall resentence a defendant in accordance with section 3553 and with such instructions as may have been given by the court of appeals----” (Emphasis added.) Because the safety-valve provision is found in § 3553, the district court was required, on remand, to resentence Figueroa in accordance with § 3553, which necessarily included consideration of Figueroa’s safety-valve eligibility under § 3553(f). See United States v. Verners, 103 F.3d 108, 110 n. 3 (10th Cir.1996) (finding that safety-valve relief under U.S.S.G. § 5C1.2 “is not discretionary; it requires a departure from the minimum sentence on finding that certain conditions are met”). Even our dis *1300 senting colleague agrees on this point. Dissent Op. at 1294-96.
Simply stated, there is no textual support for interpreting § 3553(f)(5)’s phrase “not later than the time of the sentencing hearing,” as referring only to “the original sentencing hearing.” See Dissent Op. at 1297. Unlike the district court, the government, and our dissenting colleague, we decline to augment the statute with language not found therein. See Christner v. Poudre Valley Co-op. Ass’n, 235 F.2d 946, 950 (10th Cir.1956) (“Courts should confine themselves to the construction of a statute as it is written and not attempt to supply omissions or otherwise amend or change the law under the guise of construction.”).
Rather, we read § 3553(f)(5)’s requirement as clarifying that because the district court must make safety-valve findings “at sentencing,” and because the government must have an opportunity to make a recommendation, the defendant must make the necessary disclosures before “the sentencing hearing” at issue begins, regardless of whether it is an initial, second, or subsequent sentencing hearing. See United States v. Galvon-Manzo, 642 F.3d 1260, 1267 (10th Cir.2011) (“[Generally speaking, any and all disclosures for safety-valve purposes are timely only if they occur prior to the commencement of the sentencing hearing.”).
Applying our plain-language interpretation of § 3553(f) to the narrow circumstances before us, we conclude the statute permits a defendant to make safety-valve disclosures for the first time on remand before a resentencing hearing. And that same statutory provision, read in conjunction with § 3742(g), requires a district court to consider such disclosures in determining safety-valve eligibility at resentencing following remand.
II. This court’s precedent as well as the decisions of our sister circuits do not address the question presented here.
The government relies heavily on United States v. Galvon-Manzo, 642 F.3d 1260 (10th Cir.2011), and United States v. Acosta-Olivas, 71 F.3d 375 (10th Cir.1995), to support its position that to be eligible for a safety-valve sentence a defendant must satisfy the § 3553(f) factors before his initial sentencing hearing. Neither case sheds any real light on the question presented here.
Galvon-Manzo concerned two defendants’ attempts during their initial sentencing hearings to alter untruthful information they previously provided to the government in support of their safety-valve requests. The district court denied the defendants’ requests and this court affirmed, holding the district court did not err in determining the defendants failed to satisfy § 3553(f)’s requirement to provide truthful and complete statements to the government.
In affirming the district court, the Galvon-Manzo panel noted, “generally speaking, any and all disclosures for safety-valve purposes are timely only if they occur prior to the commencement of the sentencing hearing.” 642 F.3d at 1267 (emphasis added). Contrary to the government’s assertion, this simple restatement of the statute’s text says nothing about whether the phrase, “not later than the time of the sentencing hearing,” requires the district court to ignore truthful and complete information a defendant provides for the first time on remand before his resentencing heariiig.
The Galvortr-Manzo panel further explained that the underlying purpose of the safety-valve serves to “ ‘benefit only those defendants who truly cooperate.’ ” 642 F.3d at 1268 (quoting United States v. *1301 Marin, 144 F.3d 1085, 1094 (7th Cir.1998)). Thus, by requiring disclosures “not later than the time of the sentencing hearing,” Congress intended to prevent- a situation where “ ‘a defendant may lie to the government and still qualify for safety valve relief merely by altering his story at sentencing in order to comport with the evidence presented by the government during the hearing.’ ” Id. (quoting Marin, 144 F.3d at 1095).
The government urges the court to address these policy concerns by contorting the statute to forbid a district court from considering a defendant’s request for a safety-valve sentence for the first time on remand before his resentencing hearing. Notably, in so doing, the government ignores significant factual differences between this case and Galvon-Manzo, namely that Figueroa made no disclosures before or during his initial sentencing hearing whereas both defendants in Galvorir-Manzo admitted making untruthful disclosures before their initial sentencing hearings and sought to provide additional information during their sentencing hearings. Had the district court properly considered Figueroa’s disclosures and found them to be untruthful or incomplete, the district court would have been within its discretion to deny Figueroa’s request. But that is not what happened here, and Galvon-Manzo does not instruct interpreting the statute in the manner the government suggests.
Acostar-Olivas is similarly inapt. There, the district court interpreted § 3553(f)(5) to require a defendant to reveal only information regarding his own involvement in the crime, not information he possessed regarding other participants. Based on this interpretation, the district court determined the defendant “qualified under § 3553(f) for relief from the minimum mandatory sentence” because he had written “a letter describing his own involvement in the conspiracy.” Acosta-Olivas, 71 F.3d at 377. The government appealed, contending the defendant’s letter describing only his own involvement in the drug conspiracy did not satisfy § 3553(f)(5), which requires a defendant to “truthfully provid[e] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan____” 18 U.S.C. § 3553(f)(5) (emphasis added). This court agreed with the government and remanded the case with the following instructions:
[W]e REMAND this case with instructions to vacate the sentence and resentence. If, at resentencing, the court makes a factual finding that, in deciding what information to disclose to the government, Mr. Acosta-Olivas relied upon the district court’s interpretation of § 3553(f)(5), the court shall allow him the opportunity to comply with the statute as this court has interpreted it in this opinion.
Acostar-Olivas, 71 F.3d at 379-80.
The government and our dissenting colleague rely heavily on Acostar-Olivas’ remand instruction. Dissent Op. at 1304, 1308-09. They interpret it to imply a general prohibition against permitting a defendant to comply with § 3553(f) by providing the government information on remand before resentencing. But they place more weight on the instruction than it can bear. Acostcb-Olivas simply did not address, either in its holding or in its remand instruction, whether the phrase “the sentencing hearing” is limited to the original sentencing hearing.
Like Galvon-Manzo, Acostar-Olivas neither states nor implies a general rule against allowing a defendant to comply with § 3553(f) by making disclosures for *1302 the first time on remand before a resentencing hearing. Rather, when a district court determines whether a defendant has satisfied § 3553(f), it must consider any information the defendant provided to the government for the first time before a .resentencing hearing. Cf. Verners, 103 F.3d at 111 (considering whether defendant’s statements on remand regarding her knowledge of criminal enterprise were truthful and complete).
Finally, we note that several of our sister circuits have assumed without deciding that § 3553(f)(5) permits consideration of the safety-valve provision at resentencing. See, e.g., United States v. Purnell, 361 Fed.App.x 384, 385 (3d Cir.2010) (unpublished) (noting that defendant qualified for safety-valve sentence upon resentencing when he “met with law enforcement authorities following remand”);[2] United States v. DeMott, 513 F.3d 55, 58 (2d Cir. 2008) (assuming district court could consider defendant’s “additional safety valve proffer prior to a second resentencing,” and noting § 3553(f)(5) requires the resentencing judge to make factual findings as to whether defendant made complete and truthful proffer); United States v. Flanagan, 80 F.3d 143, 145 n. 1 (5th Cir.1996) (pointing out that government did not argue newly enacted safety-valve provision could not be considered at resentencing hearing and noting “without expressing an opinion regarding whether the [safety-valve] provision should apply at a resentencing,” that district courts have found the provision applies to a resentencing on remand).
Moreover, the unpublished Ninth Circuit case cited by the government in support of its interpretation, United States v. FerretCastellanos, 108 F.3d 339 (9th Cir.1996) (Table) (unpublished), is distinguishable. There, the Ninth Circuit held that a defendant’s offer to truthfully provide information at two resentencing hearings was “too late” under § 3553(f)(5). 108 F.3d at *2. But the court’s more significant concern seemed to be truthfulness, rather than timeliness of the disclosures, as the court emphasized that the defendant had already “lied to the court at his initial sentencing hearing.” 108 F.3d at *2. This unpublished, out-of-circuit decision, based on threadbare analysis and distinct facts, has little persuasive value.[3]
On the whole, the cases discussed by the government do not dissuade us from interpreting § 3553(f) consistently with the plain language of the statute. Consequently, we hold the district court erred in concluding that because Figueroa had not made the requisite disclosures before his initial sentencing hearing, it was not required to consider whether the information Figueroa provided to the government otherwise satisfied the requirements of § 3553(f).
III. The district court’s error was not harmless.
Finally, the government argues the district court’s error was harmless because *1303 the district court indicated that had it reached the merits, it would have denied Figueroa’s safety-valve request. In support, the government cites several statements made by the district court on remand expressing skepticism about the truthfulness of Figueroa’s disclosures and the level of his involvement in the “drug operation.”
“Harmlessness must be proven by a preponderance of the evidence, and the burden of making this showing falls on the beneficiary of the error — in this case, the government. A harmless error is that which did not affect the district court’s selection of the sentence imposed.” United States v. Lente, 647 F.3d 1021, 1037-38 (10th Cir.2011) (citations and internal quotation marks omitted).
After carefully reviewing the sentencing transcript and the district court’s statements, we do not interpret those statements as a clear indication the district court would have denied Figueroa’s request for safety-valve relief had it considered the substance of Figueroa’s disclosures.
First, the district court carefully distinguished its consideration of the “timeliness” of the disclosures and the truthfulness of the same. Second, the court generally prefaced its statements regarding Figueroa’s depth of involvement in the conspiracy with qualifiers such as “it does seem” and the “facts here suggest.” Resent. Hr’g Tr., Doc. 412, at 30. Finally, we cannot ignore that at resentencing the government repeatedly characterized Figueroa’s statements as both truthful and complete. In fact, the prosecutor specifically represented to the court that prior to the resentencing hearing, Figueroa truthfully provided to the government all information and evidence he possessed concerning the offenses.
In sum, the government has not shown by a preponderance of the evidence that the district court would have denied Figueroa’s request for safety-valve relief had it fully considered that request. Therefore, we remand this case for resentencing yet again.
On this remand, we instruct the district court to resentence Figueroa “in accordance with section 3553,” as required by § 3742(g), which necessarily includes the determination of Figueroa’s eligibility for safety-valve relief.
Conclusion
The district court erred in concluding, as a matter of law, that it could not consider Figueroa’s disclosures in support of his application of 18 U.S.C. § 3553(f) at resentencing simply because Figueroa failed to make the requisite disclosures before his initial sentencing hearing. Consequently, we reverse Figueroa’s sentence and remand for resentencing in accordance with § 3553, including a determination of Figueroa’s eligibility for a reduced sentence under § 3553(f).

. Although the government does not make this distinction, the dissent suggests there is significance to § 3553(f)(5)'s reference to “the sentencing hearing.” 18 U.S.C. § 3553(f)(5) (emphasis added); Dissent Op. at 1297. Typically, use of the definite article '‘the” suggests that its noun is singular or unique. See Colorado v. Sunoco, Inc., 337 F.3d 1233, 1241 (10th Cir.2003). But while it might sometimes be a "reasonable linguistic inference,” to interpret "the” in such a manner, here, the reference to "the” does not draw a substantive distinction between a first, second, or subsequent "sentencing hearing.” See United States v. DeGasso, 369 F.3d 1139, 1147 (10th Cir.2004).

. But compare United States v. Giraldo, 52 Fed.Appx. 584, 586-87 (3d Cir.2002) (unpublished) (holding a safety-valve disclosure made before resentencing, and not before the initial sentencing, is untimely).

. Although not specifically pertinent to our discussion here since this case does not involve prior untruthful disclosures, we note that Ferret-Castellanos appears inconsistent with a more recent Ninth Circuit case United States v. Mejia-Pimental, 477 F.3d 1100 (9th Cir.2007). There, the court held that a defendant remained eligible for the safety valve at resentencing despite his prior lies and omissions in support of his safety-valve request.