**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.                                                                              No. 16-3058

KENNETH THEIS,

    Defendant - Appellant.
_____

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 2:14-CR-20072-JAR-JPO-1)**
_____

Submitted on the briefs:[*]

John Jenab, Jenab Law Firm, P.A., Olathe, Kansas, for Defendant-Appellant.

Thomas E. Beall, Acting United States Attorney, and Carrie N. Capwell, Assistant United States Attorney, Office of the United States Attorney, Kansas City, Kansas, for Plaintiff-Appellee.
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

**LUCERO**, Circuit Judge.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Kenneth Theis appeals his conviction and sentence for attempted sexual exploitation of a child. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Theis used hidden cell phones to secretly record his girlfriend's eleven-year-old daughter while she showered and used the toilet. He transferred the recordings to his computer and created still images, some of which focused on her genital and pubic area. As a result, Theis was indicted on two counts of attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) & (e), which provides that any person "who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished . . . ." § 2251(a).

The operative facts were undisputed. However, Theis filed a motion to dismiss the indictment arguing the facts were insufficient to establish an offense under the statute. He asserted that § 2251(a) requires a causal, interactive relationship between the defendant and the minor, and that his conduct—which amounted to mere voyeurism—was insufficient to establish a violation of the statute. The district court denied the motion. After a bench trial, the court denied Theis' motion for judgment of acquittal, found him guilty of both charges, and sentenced him to 292 months in prison. Theis timely appealed his conviction and sentence, arguing: (1) the district court erred by denying his motion to dismiss the indictment; (2) there was insufficient evidence to support his conviction; and (3) the district court

2

committed plain error by denying him a meaningful opportunity to allocute. We reject these arguments and affirm.

## II

Theis first argues that the district court erred by denying his motion to dismiss the indictment. A district court may dismiss an indictment if the allegations are insufficient to establish the charged offense. United States v. Todd, 446 F.3d 1062, 1068 (10th Cir. 2006). In considering a motion to dismiss, the court generally does not examine the evidence. Id. However, it may consider undisputed facts if the government does not object. Id. Under this exception, the court may dismiss the indictment if the "undisputed evidence shows that, as a matter of law, the [d]efendant could not have committed the offense for which he was indicted." Id. "We generally review a district court's denial of a motion to dismiss a criminal indictment for abuse of discretion, but review any statutory interpretation issues involved in the ruling de novo." United States v. Berres, 777 F.3d 1083, 1089 (10th Cir. 2015).

According to Theis, the undisputed evidence showed he "secretly videotape[d] the unaware minor while she performed activities over which he had no control or influence." He argues this does not satisfy the "uses" element of § 2251(a), which he claims requires "a causal relationship between the defendant and the minor's sexually explicit conduct." We conclude the statute contains no such requirement.

To determine the meaning of the term "uses" in § 2251(a), we look first to the language of the statute. See United States v. Figueroa-Labrada, 780 F.3d 1294, 1298 (10th Cir. 2015). Section 2251(a) punishes any person "who employs, uses,

3

persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct . . . ." (emphasis added). The statute does not define "uses," so we give the word its ordinary meaning. See Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc., 764 F.3d 1199, 1227 (10th Cir. 2014). In doing so, we must also consider both the specific context in which the word is used and the broader context of the statute as a whole. Toomer v. City Cab, 443 F.3d 1191, 1194 (10th Cir. 2006).

Webster's Dictionary defines "use" as, among other things, to "avail oneself of" or "carry out a purpose or action by means of." Webster's New Collegiate Dictionary 1288 (1976); see also Fish v. Kobach, 840 F.3d 710, 733 (10th Cir. 2016) ("We may consult a dictionary to determine the plain meaning of a term."). Neither of these definitions would require a causal relationship between the defendant and the minor's sexually explicit conduct. Nor does the statutory context. Section 2251(a) describes a variety of ways a defendant might produce sexually explicit depictions of minors. By including the term "uses," the statute "reaches a defendant's active involvement in producing the depiction even if the interpersonal dynamics between the defendant and the depicted minor are unknown." Ortiz-Graulau v. United States, 756 F.3d 12, 19 (1st Cir. 2014). Accordingly,

> the term "use" in the statute permits the conviction of a defendant who was actively and directly involved in producing a sexually explicit depiction of a minor even in the absence of a complaining witness or even without being able to identify the specific minor. In contrast, the terms employ, persuade, induce, entice, and coerce reach various types of external pressure that a defendant might apply on a minor to get him or her to engage in sexually explicit conduct.

4

Id.  This interpretation of the statute gives effect to every word.  See Toomer, 443 F.3d at 1194 ("When construing a statute, we should give effect, if possible, to every clause and word.").  And it is consistent with Congress' intent to provide "a broad ban on the production of child pornography . . . aimed to prohibit the varied means by which an individual might actively create it."  Ortiz-Graulau, 756 F.3d at 19.

Significantly, nearly every circuit to address this issue has recognized that the "uses" element "is met when a defendant intentionally films or photographs a minor's sexually explicit conduct."  Id. at 18; see United States v. Wright, 774 F.3d 1085, 1089 (6th Cir. 2014); United States v. Vanhorn, 740 F.3d 1166, 1168 (8th Cir. 2014); United States v. Finley, 726 F.3d 483, 495 (3d Cir. 2013) ("[A] perpetrator can 'use' a minor to engage in sexually explicit conduct without the minor's conscious or active participation."); United States v. Sirois, 87 F.3d 34, 41 (2d Cir. 1996) (stating that the "use" element "is fully satisfied . . . if a child is photographed in order to create pornography").  But see United States v. Laursen, 847 F.3d 1026, 1032-33 (9th Cir. 2017) (concluding there was sufficient evidence to satisfy the "use" element when the defendant directed the minor's actions in producing sexually explicit photos, but recognizing that other circuits have "broadly interpreted the 'use' element of the statute").  And the Sixth Circuit specifically rejected the argument Theis makes in this case—that the government must prove the defendant caused the minor's conduct.  Wright, 774 F.3d at 1091.

5

In sum, neither the statutory text nor persuasive authority from other circuits supports Theis' argument that the "uses" element of § 2251(a) requires a causal relationship between a defendant's actions and the minor's sexually explicit conduct. Thus, the district court did not err by denying his motion to dismiss.

**III**

Relying on the same argument regarding the "uses" element of § 2251(a), Theis also claims the evidence was insufficient to support his conviction. But he appears to concede that the evidence was sufficient if the statute does not require a causal relationship between his actions and the minor's conduct. Because we hold that § 2251(a) contains no such requirement, we reject his argument that his conviction was based on insufficient evidence.

**IV**

Finally, Theis argues that the district court committed plain error at the sentencing hearing by inviting him to speak on his own behalf only after announcing its proposed sentence. Before imposing a sentence, the district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). A court violates this right to allocute when it definitively announces the defendant's sentence before giving him an opportunity to speak, and fails to communicate to the defendant that it will genuinely reconsider the sentence in light of his remarks. United States v. Landeros-Lopez, 615 F.3d 1260, 1268 (10th Cir. 2010).

At the hearing, the district court first heard argument by Theis' attorney. The court said it would allow "further allocution, as well as any statement Mr. Theis would like to make to the [c]ourt" after it "announced proposed findings of fact and [a] tentative sentence." Theis did not object to this procedure. After the prosecution's argument, the court gave a detailed account of its "proposed findings of fact and . . . tentative sentence" and described the terms of imprisonment it "intend[ed] to impose." At one point, the court said it "ha[d] decided" on a particular term of imprisonment and supervised release, but it subsequently asked whether the prosecution or defense had objections "to the sentence as tentatively announced." The court then invited Theis "to address the [c]ourt directly [on his] own behalf" before it "impose[d] [the] final sentence." Theis read a lengthy letter in which he apologized to the victim and her family and highlighted mitigating information. The court thanked Theis for his statement and specifically responded to some of his comments. Then the court imposed the sentence it had previously described.

Because Theis did not object to the district court's sentencing procedure, we review for plain error. See United States v. Bustamante-Conchas, ___ F.3d ____, No. 15-2025, 2017 WL 838216, at *4 (10th Cir. March 3, 2017). This standard of review requires Theis to show "(1) error, (2) that is plain, which (3) affects [his] substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted). We do not address the first three prongs because we conclude Theis has failed to satisfy the fourth.

An allocution error does not seriously affect the fairness, integrity, or public reputation of the proceeding if the defendant had "a meaningful opportunity to address the court and present mitigating circumstances." Id. at *9. A review of the sentencing hearing as a whole convinces us Theis had such an opportunity. See id. at *8 ("In considering the fourth prong [of the plain error test], the seriousness of the error must be examined in the context of the case as a whole." (quotation omitted)).

First, the district court did not definitively announce Theis' sentence before giving him an opportunity to speak. Instead, it repeatedly characterized its proposed sentence as "tentative" and referred to the conditions it "intended" to impose. These indecisive statements bear little resemblance to the conclusive pronouncements in Landeros-Lopez, in which the court definitively stated: "[I]t is and will be the judgment of this Court that the defendant . . . is hereby committed to the custody of the Bureau of Prisons" and "[u]pon release from imprisonment this defendant shall be placed on supervised release . . . ." 615 F.3d at 1265 (second emphasis added).

Second, even if some of the district court's language suggested it had made up its mind, there is no indication that Theis thought so—he made a lengthy argument encouraging the court to impose a more lenient sentence. See United States v. Frost, 684 F.3d 963, 980 (10th Cir. 2012) ("[E]ven if the court's statements in theory could have effectively communicated that his sentence had already been determined, [the defendant's] conduct shows that the court's statements did not in fact communicate that to him." (alteration, citation, and quotation omitted)), overruled on other grounds by Bustamante-Conchas, 2017 WL 838216, at *10.

8

Third, the district court's response to Theis' argument suggests it considered his comments in arriving at the sentence ultimately imposed. See United States v. Mendoza-Lopez, 669 F.3d 1148, 1153 (10th Cir. 2012) ("[T]he record shows the court considered [the defendant's] mitigating information in arriving at [his] ultimate sentence . . . ."), overruled on other grounds by Bustamante-Conchas, 2017 WL 838216, at *10.

Because Theis had a meaningful opportunity to address the district court and present mitigating circumstances, he has not shown that the court's failure to invite him to speak sooner amounted to plain error.

**V**

Theis' conviction and sentence are **AFFIRMED**.