**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

LORENZO ELIAS MENDEZ,
*Defendant-Appellant.*

No. 20-30007

D.C. No.
1:18-cr-02037-SMJ-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted December 6, 2021
Seattle, Washington

Filed June 7, 2022

Before:  M. Margaret McKeown, Morgan Christen, and
Eric D. Miller, Circuit Judges.

Opinion by Judge McKeown

# SUMMARY[*]

## Criminal Law

The panel affirmed a conviction under 18 U.S.C. § 2251(a), which criminalizes the conduct of any person who "employs, uses, persuades, induces, entices, or coerces" a minor "to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct."

The defendant, who placed Wi-Fi cameras in the eye of a stuffed animal and surreptitiously filmed a teenage girl masturbating, argued that the evidence was insufficient to support his conviction because he taped the minor surreptitiously and did not cause her "to engage in" sexually explicit conduct. The appeal centered on whether the defendant "used" his minor victim to engage in sexually explicit conduct by taping her in her bedroom, without her knowledge or participation.

The panel did not need to resolve whether the standard of review is de novo or plain error because there was no error, plain or otherwise. Applying the broad interpretation of § 2251(a) adopted in *United States v. Laursen*, 847 F.3d 1026 (9th Cir. 2017), the panel wrote that the active conduct that is required is that of the perpetrator, not the target of the visual depiction; that the defendant's placement of hidden cameras in a teenage girl's bedroom is active conduct in the heartland of a statute criminalizing the production of child

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

pornography; and that the "use" element is satisfied whenever a minor is the subject of the photography.

The panel concluded that the evidence was therefore sufficient under 18 U.S.C. § 2251(a) and (e) to support the conviction for attempting to "use" a minor "to engage in . . . sexually explicit conduct" for the purpose of producing a visual depiction of that conduct.

The panel addressed the defendant's other challenges to his conviction and sentence in a concurrently filed memorandum disposition.

## COUNSEL

Gilbert H. Levy (argued), Law Office of Gilbert H. Levy, Seattle, Washington, for Defendant-Appellant.

Alison L. Gregoire (argued), Assistant United States Attorney; Joseph H. Harrington, Acting United States Attorney; United States Attorney's Office, Spokane, Washington; for Plaintiff-Appellee.

## OPINION

McKEOWN, Circuit Judge:

Lorenzo Mendez placed Wi-Fi cameras in the eye of a stuffed animal and surreptitiously filmed a teenage girl masturbating. Prosecutors charged Mendez under a statute that criminalizes the conduct of any person who "employs, uses, persuades, induces, entices, or coerces" a minor "to engage in . . . sexually explicit conduct for the purpose of

producing any visual depiction of such conduct."  18 U.S.C. § 2251(a).  Based on a careful reading of our precedent, along with the weight of authority from six of our sister circuits, we conclude that Mendez's conduct falls within the ambit of § 2251(a).

## BACKGROUND

While living with his girlfriend and her fourteen-year-old daughter, Mendez hid cameras in the eye of a stuffed animal, then placed the stuffed animal in the girl's bedroom. Video footage recovered by police officers spanned six months in 2018 and showed the girl in various states of undress.  Several videos showed her masturbating.  The victim testified that when she realized that the stuffed animal had a camera in it, she threw it into the backyard because it made her feel "disgusted."  While searching Mendez's home and car, police found several Wi-Fi enabled cameras, "wiggle eyes" similar to those in the stuffed animal, batteries for the cameras, and instructions for connecting the cameras to a Wi-Fi network.

Mendez was convicted by a jury on count one of the indictment, which charged him with attempting to violate Subsections (a) and (e) of 18 U.S.C. § 2251:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), . . . .

(e) Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, . . . .

Mendez appeals, arguing that the evidence was insufficient to support his conviction because he taped the minor surreptitiously and did not cause her "to engage in" explicit sexual conduct.[1]  The parties dispute whether the standard of review is de novo or plain error, but we need not resolve the dispute because there was no error, plain or otherwise, and therefore Mendez cannot prevail either way. The statute encompasses Mendez's surreptitious filming "to produce a visual depiction" of the minor engaged in "sexually explicit conduct."

## ANALYSIS

The key question is whether Mendez's conduct falls within the statutory language that makes it a federal crime to employ, use, persuade, induce, entice, or coerce a minor "to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct."  18 U.S.C. § 2251(a).  The statute also has an interstate or foreign commerce requirement that may be satisfied either by creating the images using materials transported in or affecting interstate commerce or by knowing (or having reason to know) that the images will be transported or transmitted in interstate commerce.  *Id.* § 2251(a).  By definition, "sexually explicit conduct" includes "masturbation" and "lascivious exhibition" of intimate body

---

[1] Mendez raises several other challenges to his conviction and sentence that are addressed in a memorandum disposition filed concurrently with this opinion.

parts. *Id.* § 2256(2)(A)(iii), (v). There is no doubt that the visual depictions of the minor fall within this definition. Nor is there any serious defense to the charge that Mendez produced the images in an effort to transmit them in interstate commerce.[2] The appeal centers on whether Mendez "used" his minor victim to engage in sexually explicit conduct by taping her in her bedroom, without her knowledge or participation. The government does not suggest that Mendez employed, persuaded, induced, enticed, or coerced his victim—leaving only the question of "use."

We have long understood § 2251(a) to criminalize "the inducement of children into sexual conduct for the purpose of creating visual depictions of that conduct." *United States v. Smith*, 795 F.2d 841, 845 (9th Cir. 1986). But the words of the statute are broader than inducing, persuading, enticing, or coercing. Congress also included "employs" or "uses." Those terms must be given effect, and their meaning is not limited to luring.

We recently addressed the meaning of "use" in *United States v. Laursen*, 847 F.3d 1026, 1032 (9th Cir. 2017). We explained that the dictionary definition of "use" is "to put into action or service," "to avail oneself of," or to "employ." *Id.* (citation omitted). Emphasizing the similarities between "use" and "employ," we reasoned that although the minor took the nude, pornographic "selfies," Laursen "used or employed" his victim "to produce sexually explicit images" by telling her that "the two 'looked good together' and that

---

[2] The evidence showed that Mendez possessed a Chinese-made camera purchased over the internet and shipped from another state. This evidence was sufficient to satisfy the alternative requirement that the "visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer." § 2251(a).

'he wanted to take pictures.'" *Id.* (emphasis removed).  We held that "active conduct alone suffices to sustain a conviction under § 2251(a)." *Id.* at 1033.  But the active conduct that is required is that of the perpetrator, not the target of the visual depiction.

Here, as in *Laursen*, Mendez did not necessarily induce the minor's sexually explicit conduct.  But he did place hidden cameras in a teenage girl's bedroom—active conduct in the heartland of a statute criminalizing the production of child pornography.

*Laursen* drew upon and expressly approved the "rulings of our sister circuits, which have broadly interpreted the 'use' element of the statute." *Id.*  As *Laursen* explained, the Second Circuit has long held that the "use" element of § 2251(a) is satisfied "whenever a minor is the subject of the photography." *Id.* (citing *United States v. Sirois*, 87 F.3d 34, 42 (2d Cir. 1996)).  The Sixth and Eighth Circuits have followed suit, *Laursen* noted, because both circuits agreed "that this element is 'fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography.'" *Id.* (quoting *United States v. Wright*, 774 F.3d 1085, 1090 (6th Cir. 2014)); *accord United States v. Fadl*, 498 F.3d 862, 866 (8th Cir. 2007).  *Laursen* also approvingly noted the First Circuit's decision in *Ortiz-Graulau*, which similarly held that "the statutory definition of 'use' is met when a defendant makes a minor the subject of a visual depiction by intentionally photographing the minor engaging in sexually explicit conduct." *Id.* (quoting *Ortiz-Graulau v. United States*, 756 F.3d 12, 18–19 (1st Cir. 2014)).  Although not cited in *Laursen*, we note that the Fourth Circuit has also seemingly interpreted "use" consistent with these cases.  *See United States v. Engle*, 676 F.3d 405, 418 n.9 (4th Cir. 2012) ("A defendant 'uses'

a minor for purposes of § 2251(a) if he photographs the minor engaging in sexually explicit conduct to create a visual depiction of such conduct." (quoting *United States v. McCloud*, 590 F.3d 560, 566 (8th Cir. 2009)).

Following *Laursen*, the Tenth Circuit affirmed the § 2251(a) conviction of a defendant who secretly videotaped his minor victim while she showered and used the toilet. *United States v. Theis*, 853 F.3d 1178, 1180–82 (10th Cir. 2017). The Tenth Circuit noted that "nearly every circuit to address this issue has recognized that the 'uses' element 'is met when a defendant intentionally films or photographs a minor's sexually explicit conduct.'" *Id.* at 1182 (quoting *Ortiz-Graulau*, 756 F.3d at 18). The court emphasized the broad meaning of the word "use" and concluded that § 2251(a) does not require "a causal relationship between a defendant's actions and the minor's sexually explicit conduct." *Id.*

More recently, the D.C. Circuit took up the task of interpreting § 2251(a) and (e). In *United States v. Hillie*, the court considered Hillie's conduct in secretly producing two videos in which the minor's genitals and pubic area were visible. 14 F.4th 677 (D.C. Cir. 2021). Concluding that the bedroom videos depicted the minor "engaged in ordinary grooming activities, some dancing, and nothing more," the D.C. Circuit rejected the government's claim that the minor was engaged in "sexually explicit conduct" and vacated the conviction. *Id.* at 688–89. The opinion focused extensively on the definition of "sexually explicit conduct," an issue we do not need to confront. Nonetheless, almost anticipating the facts in our case, the court explained:

> If a defendant, knowing that a minor masturbates in her bedroom, surreptitiously hides a video camera in the bedroom and

films her doing so, then he uses or employs, i.e., avails himself of, a minor to engage in sexually explicit conduct (with herself) with the intent that she engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

*Id.* at 693–94. This interpretation is consistent with that of the cases cited with approval in *Laursen*.

We take note that the circumstances of the minor-adult relationship in these other cases did not mirror the situation in *Laursen*. Nor do the facts in *Laursen* map onto the surreptitious photographing that took place here. Thus, writing on a clean slate, some of us might interpret § 2251(a) differently by, for example, concluding that the statutory language requires the perpetrator to *cause* the minor to "to engage in sexually explicit conduct." We do not have that leeway, however, because of the broad interpretation of § 2251(a) adopted in *Laursen*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) ("As a general rule, the principle of *stare decisis* directs us to adhere not only to the holdings of our prior cases, but also to their explications of the governing rules of law." (quoting *Cnty. of Allegheny v. ACLU Greater Pittsburgh Chapter*, 492 U.S. 573, 668 (1989) (Kennedy, J., concurring in part and dissenting in part))).

Nor is our view changed by a recent Seventh Circuit decision that confronted a completely different question of interpretation—namely, whether the sexually explicit conduct needs to be that of the minor. *United States v. Howard*, 968 F.3d 717, 721 (7th Cir. 2020). The court's answer was yes. There, the offender masturbated over a sleeping child. *Id.* at 719. The Seventh Circuit explained

that the "six verbs that appear in the statute—'employs, uses, persuades, induces, entices, or coerces'—all describe means by which an exploiter might accomplish the end of having a child engage in sexually explicit conduct in order to capture a visual image of it." *Id.* at 721–22. Noting that *Howard* was an "odd" case, the court held that the government must prove that the offender took one of the listed actions to "cause *the minor* to engage in sexually explicit conduct for the purpose of creating a visual image of that conduct." *Id.* at 721. But our precedent forecloses this interpretation. As explained, we read the statute as focusing on the conduct of the perpetrator—not the minor—and our decision in *Laursen* holds that the "use" element is satisfied "whenever a minor is the subject of the photography." 847 F.3d at 1033 (citation omitted).

The evidence was sufficient under § 2251(a) and (e) to support Mendez's conviction for attempting to "use" a minor "to engage in . . . sexually explicit conduct" for the purpose of producing a visual depiction of that conduct. § 2251(a).

**AFFIRMED**.