**NOT FOR PUBLICATION**

FILED

APR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30157 |
| Plaintiff-Appellee, | D.C. No.<br>3:20-cr-00029-SLG-MMS-1 |
| v. | |
| JAYSHON MOORE, AKA China, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted March 25, 2024
Seattle, Washington

Before: WARDLAW, W. FLETCHER, and MILLER, Circuit Judges.

Following a jury trial, Jayshon Moore was convicted of production of child

pornography, in violation of 18 U.S.C. § 2251(a), (e); possession of child

pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2); and sex

trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1). He was sentenced to

240 months of imprisonment, to be followed by 20 years of supervised release, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

ordered to pay $23,070 in restitution. He appeals, challenging his conviction on the child pornography production count as well as the restitution order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Moore challenges the sufficiency of the evidence supporting his conviction for production of child pornography. Assuming without deciding that Moore has adequately preserved that challenge, we review de novo the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Section 2251(a) provides for the punishment of "[a]ny person who employs[] [or] uses . . . any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). "[A]ctive conduct alone suffices to sustain a conviction under [section] 2251(a)." *United States v. Mendez*, 35 F.4th 1219, 1221 (9th Cir. 2022) (quoting *United States v. Laursen*, 847 F.3d 1026, 1033 (9th Cir. 2017)). Moore engaged in such conduct: The photographs and videos presented to the jury depict him engaging in sexual activity with the minor victim. In addition, the victim testified that although she took the photographs and videos at issue, Moore had told her that he "wanted" sexually explicit media for "posts." The jury could therefore have

inferred that she produced the photographs and videos at his direction. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the elements of the offense beyond a reasonable doubt.

2. Moore also challenges the district court's response to a question from the jury regarding the meaning of "use" and "employ" under section § 2251(a). Because Moore did not object to the district court's response to the jury's question, we review for plain error. *See United States v. Ramirez*, 537 F.3d 1075, 1081 (9th Cir. 2008). "A district court 'has substantial latitude' in crafting jury instructions, provided that they 'fairly and adequately cover the issues presented.'" *United States v. Luong*, 965 F.3d 973, 986 (9th Cir. 2020) (quoting *United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir. 2000)). The district court did not plainly err in instructing the jury to apply the ordinary meaning of "use" and "employ." *See United States v. Shryock*, 342 F.3d 948, 986 (9th Cir. 2003) ("[T]he district court need not define common terms that are readily understandable to the jury.").

3. Finally, Moore challenges the district court's calculation of the restitution amount. The district court was required to impose restitution equal to "the full amount of the victim's losses," as defined in 18 U.S.C. § 2259(c)(2), plus "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the . . . Fair Labor Standards Act." 18 U.S.C. § 1593(b)(1), (3). In calculating the restitution amount,

the district court relied on the government's estimate of the total revenue from the commercial sex acts involved in Moore's trafficking of the victim. Because Moore did not object below, we review the restitution order for plain error. *See United States v. Yijun Zhou*, 838 F.3d 1007, 1011 (9th Cir. 2016).

Moore suggests that the government's calculation of revenue, which the district court accepted, was impermissibly speculative. But a district court need only "estimate, based upon facts in the record, the amount of victim's loss with some reasonable certainty." *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007). Here, the government's calculation, based on its estimate of the number of commercial sex acts and the average price of each, had support in the record, and therefore the district court did not plainly err in accepting it.

**AFFIRMED.**